**Agustina BUENO, Plaintiff,**

**v.**

**LR CREDIT 18, LLC; Husam Al-Atrash; William Mlotok; and Samserv, Inc., Defendants.**

**16–CV–4737 (WFK) (VMS)**

United States District Court, E.D. New York.

Signed 09/07/2017

Ahmad Keshavarz, The Law Offices of Ahmad Keshavarz, Brooklyn, NY, for Plaintiff.

Scott S. Balber, Benjamin Philip Mills, Herbert Smith Freehillls New York LLP, Jeffrey Lichtman, Andrew Charles Levitt, O'Hare Parnagian LLP, New York, NY, for Defendants.

## DECISION & ORDER

WILLIAM F. KUNTZ, II, United States District Judge:

Agustina Bueno ("Plaintiff") brings this action against LR Credit 18, LLC ("Defen-

dant"), as well as Husam Al–Atrash; William Mlotok; and Samserv, Inc.,[1] alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and section 349 of the New York General Business Law ("GBL"). Am. Compl. at 1, ECF No. 30. On March 8, 2017, Defendant filed a fully briefed Motion for Partial Judgment on the Pleadings regarding only Plaintiff's claim for punitive damages, arguing Plaintiff is limited to $1,000.00 in punitive damages on her claims against Defendant. *See* ECF No. 51; *see also* Def.'s Mem. in Supp. ("MJP"), ECF No. 52; Pl.'s Opp'n ("Opp'n"), ECF No. 53; Def.'s Reply ("Reply"), ECF No. 54. For the reasons discussed below, Defendant's motion is DENIED.

## BACKGROUND [2]

This action arises from an alleged scheme through which individual and corporate debt collectors, law firms, and process servers conspired to profit by fraudulently obtaining default judgments against more than 100,000 consumers in state courts. *See generally* Am. Compl. Defendant's role in this scheme, as a debt collection agency, was to purchase consumer debt at deeply discounted rates and then file suit to collect on those debts. *See id.* ¶¶ 5, 13. On or about February 23, 2009, Defendant filed such a lawsuit against Plaintiff, seeking to collect a putative debt owed to SEARS on a defaulted "Retail

1. Plaintiff's initial Complaint, ECF No. 1, also named Mel S. Harris and Associates, LLC; Todd Fabacher; David Waldman; Mel S. Harris; and Michael Young as defendants. On November 22, 2016, the Court entered an Agreed Order of Dismissal· as to those defendants. ECF No. 20.

2. The facts that form the basis of this Decision are drawn from the First Amended Complaint. Because "[t]he standard for addressing

a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim," *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006), the Court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of Plaintiff, *see Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 113 (2d Cir. 2005).

Charge Account Agreement." *Id.* ¶¶ 21, 23. Plaintiff alleges she never had an account with SEARS, *id.* ¶¶ 24, 62, and was never served with the lawsuit, *id.* ¶ 26, but that a default judgment was nonetheless entered against her in the amount of $3,995.80, *id.* ¶ 33, and that Defendant and others attempted to execute on that judgment on multiple occasions, *id.* ¶¶ 55, 57.

On December 21, 2016, Plaintiff filed her First Amended Complaint, which asserts violations of the FDCPA and section 349 of the GBL.[3] *See id.* ¶¶ 65–84 (setting forth claims). Plaintiff complains she "endured significant emotional distress" due to Defendant's conduct, including "nightly, recurring dreams that people came to her home and started taking her belongings," which caused "difficulty sleeping" and led her to rely on sleeping pills; "a substantial amount" of weight-loss because she was too nervous to eat; and feelings of generalized anxiety and isolation. *See id.* ¶¶ 60–61. She seeks disbursements, costs, and attorneys' fees; pre-judgment and post-judgment interest; and, most relevant here, "actual, treble, statutory, punitive, and exemplary damages." *Id.* at 18. Indeed, according to Defendant, "Plaintiff seeks to recover 'substantial' punitive damages under GBL § 349,"[4] which Defendant contends are limited to $1,000.00. MJP at 1. On this basis, Defendant moved for partial judgment on the pleadings, seeking a determination that any punitive damages Plaintiff receives cannot exceed $1,000.00. *Id.* The Court now addresses this motion.

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate where material facts are undisputed and where judgment on the merits is possible by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir. 1988); *see also Dargahi v. Honda Lease Trust,* 370 Fed. Appx. 172, 174 (2d Cir. 2010) ("A grant of a motion pursuant to Rule 12(c) is proper 'if, from the pleadings, the moving party is entitled to judgment as a matter of law.'" (quoting *Burns Int'l Sec. Servs., Inc. v. Int'l Union,* 47 F.3d 14, 16 (2d Cir. 1995))). Otherwise, the standard of review for a Rule 12(c) motion is the same as the standard for a Rule 12(b)(6) motion. *E.g., Kass v. City of New York,* 864 F.3d 200, 205–06 (2d Cir. 2017).

Thus, to survive a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In applying this standard, the Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [Plaintiff's] favor." *Johnson v. Rowley,* 569 F.3d 40, 43 (2d

---

**3.** A class action arising out of substantially similar conduct by the same defendants settled in 2016. *See generally Sykes v. Harris,* 09–CV-8486, 2016 WL 3030156 (S.D.N.Y. May 24, 2016) (Chin, J.) (approving settlement agreement). Plaintiff is a *Sykes* class member, but she opted out of the settlement agreement. Am. Compl. ¶ 36.

**4.** The Court construes the First Amended Complaint and the rest of Plaintiff's pleadings as seeking punitive damages based on the underlying alleged violation of section 349 of the GBL. In other words, the Court disagrees with Defendant that Plaintiff has asserted her claim for punitive damages "as a separate cause of action." Reply at 3.

Cir. 2009) (per curiam) (citation omitted). The Court need not, however, credit "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). Rather, legal conclusions must be supported by factual allegations. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

## DISCUSSION

■ Defendant argues that, as a matter of law, Plaintiff is not entitled to punitive damages in excess of $1,000.00, and so to the extent Plaintiff seeks punitive damages above that amount, Defendant is entitled to judgment on the pleadings. MJP at 1–2. More specifically, Defendant contends, first, that punitive damages are not recoverable under the FDCPA and, second, that the statutory text of section 349 of the GBL and the balance of precedent interpreting that provision authorize only recovery of limited punitive damages up to $1,000.00. *See generally* Reply. Plaintiff does not contest that punitive damages are unavailable on her FDCPA claim, nor does she disagree that section 349(h) of the GBL contains a capped treble damage clause; rather, she responds, she has a right to "separate punitive damages not limited by the $1,000 cap on treble damages." *See generally* Opp'n. The Court adopts Plaintiff's interpretation.

Section 349(a) of the GBL prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." Section 349(h) of the GBL creates a private right of action to recover actual damages for violations of section 349(a) of the GBL and allows courts to "increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defen-dant willfully or knowingly violated this section." As an initial matter, the Court disagrees with Defendant that section 349's "clear statutory language" governs the punitive damages question. Reply at 3. To the contrary, that provision contains no mention, whatsoever, of punitive damages.

Perhaps due to the silence of the statutory text, there is a tension in New York law between two lines of cases awarding punitive damages under section 349—one line interprets the statute as limiting, pursuant to its capped treble damages clause, recovery of punitive damages to $1,000.00; the other line interprets the statute as allowing plaintiffs to seek both treble damages and punitive damages. *Compare Leonard v. Abbott Labs., Inc.*, 10–CV–4676, 2012 WL 764199, at *8 (E.D.N.Y. Mar. 5, 2012) (Spatt, J.) ("[P]unitive damages above and beyond the trebling of actual damages are not an available remedy under the statute."), *with Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 893 N.Y.S.2d 208, 218 (2d Dep't 2010) ("Under General Business Law § 349 consumers may recover actual damages in any amount, and may recover treble damages under General Business Law § 349(h) up to $1,000. Moreover, the plaintiffs may seek both treble damages and punitive damages." (citations omitted)). The Court recognizes its duty "carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity," *Chauca v. Abraham*, 841 F.3d 86, 93 (2d Cir. 2016) (alteration in original) (internal quotation marks omitted) (quoting *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994)), and thus undertakes a review of relevant sources "tending to indicate how the New York Court of Appeals would resolve" this question, *Travelers Ins. Co.*, 14 F.3d at 119.

Defendant cites to a line of cases beginning with *Karlin v. IVK America, Inc.*, in

which the New York Court of Appeals noted that "[a]mong the remedies available to private plaintiffs [under section 349(h) of the GBL] are compensatory damages, limited punitive damages and attorneys' fees." 93 N.Y.2d 282, 291, 690 N.Y.S.2d 495, 712 N.E.2d 662 (1999) (internal citation omitted). According to Defendant, *Karlin* represents the state's highest court interpreting section 349(h) of the GBL in a manner consistent with Defendant's own interpretation—as allowing private plaintiffs to "recover only 'limited punitive damages'" up to $1,000.00. Reply at 5; *see also Leonard*, 2012 WL 764199, at *8 (describing treble damages contemplated by section 349 "as a type of 'limited punitive damages'" and noting "punitive damages above and beyond the trebling of actual damages are not an available remedy under the statute" (first citing *Karlin*, 93 N.Y.2d at 291, 690 N.Y.S.2d 495, 712 N.E.2d 662; then citing *Mayline Enters., Inc. v. Milea Truck Sales Corp.*, 641 F.Supp.2d 304, 310 (S.D.N.Y. 2009) (McMahon, J.))). While this argument has some degree of merits, Plaintiff correctly questions *Karlin*'s precedential weight on the question of the scope of damages under section 349, as the *Karlin* court was not considering that issue. Rather, the question in *Karlin* was whether alleged misrepresentations about medical services were actionable under consumer fraud statutes or whether plaintiffs were limited to bringing medical malpractice claims, suggesting the language regarding punitive damages might constitute dicta. Furthermore, the *Karlin* court listed "limited punitive damages" as being "[a]mong" the available remedies; it did not indicate that these were the *only* available remedies. *Karlin*, 93 N.Y.2d at 291, 690 N.Y.S.2d 495, 712 N.E.2d 662.

Nevertheless, courts have relied on *Karlin* to find that section 349(h) of the GBL does not authorize the award of punitive damages in excess of $1,000.00. *See, e.g., Bristol Vill., Inc. v. La.-Pac. Corp.*, 916 F.Supp.2d 357, 371 (W.D.N.Y. 2013) (Skrteny, J.) (noting section 349 "expressly allows for the recovery of limited punitive damages" and citing cases contemplating $1,000.00 as the relevant limit); *Alzheimer's Disease Res. Ctr., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, 981 F.Supp.2d 153, 165 (E.D.N.Y. 2013) (Spatt, J.) (same); *N. State Autobahn, Inc. v. Progressive Ins. Grp. Co.*, 102 A.D.3d 5, 953 N.Y.S.2d 96, 104 (2d Dep't 2012) (quoting *Karlin* in support of the proposition that "[a]mong the remedies available to private plaintiffs [under section 349(h) of the GBL] are compensatory damages, limited punitive damages, and attorneys' fees" (internal citations and quotation marks omitted)); *Wenig Saltiel LLP v. Specialized Loan Servicing, LLC*, 50 Misc.3d 1227(A), 2016 WL 951918, at *6 (N.Y. Civ. Ct. Mar. 4, 2016) ("An aggrieved party who prevails on such a [section 349] claim is entitled actual damages and punitive damages three times the actual damages not to exceed $1,000.00."); *Technovate LLC v. Fanelli*, 49 Misc.3d 1201(A), 2015 WL 5554547, at *7 (N.Y. Civ. Ct. Sept. 10, 2015) ("Under the statute, GBL § 349(h), a consumer who is subjected to deceptive business practices, is entitled to actual damages or fifty dollars, whichever is greater as well as punitive damages not to exceed three times the actual damages up to one thousand dollars."); *Heins v. Pub. Storage*, 36 Misc.3d 1217(A), 2012 WL 3024237, at *4 (N.Y. Sup. Ct. July 11, 2012) ("General Business Law § 349 ... allow[s] actions by private plaintiffs, who may recover compensatory damages, limited punitive damages, injunctive relief and attorneys [sic] fees." (citations omitted)); *cf. Wood v. Maguire Auto. LLC*, 09–CV–0640, 2011 WL 4478485, at *4 (N.D.N.Y. Sept. 26, 2011) (Suddaby, J.) ("Under N.Y. Gen.

Bus. Law § 349, consumers may recover actual damages in any amount, and may recover treble damages under § 349(h) up to $1,000. Moreover, plaintiffs may seek both treble damages and punitive damages. However, punitive damages may be awarded only where the total award, together with the punitive damages, does not exceed $1,000." (internal citations omitted)).[5]

Plaintiff, on the other hand, relies on a line of cases beginning with *Wilner*, in which the New York Appellate Division, Second Department, affirmed, *inter alia*, the trial court's refusal to dismiss the plaintiffs' claim for punitive damages on their section 349 claim. 71 A.D.3d at 158, 893 N.Y.S.2d 208. The *Wilner* court held that "[u]nder General Business Law § 349 consumers may recover actual damages in any amount," that they "may recover treble damages under General Business Law

§ 349(h) up to $1,000," and, critically, that they "may seek both treble damages and punitive damages." *Id.* at 167, 893 N.Y.S.2d 208, 218 (citations omitted). The Second Circuit subsequently adopted *Wilner* in *Barkley v. Olympia Mortgage Co.* (*Barkley II* ), 557 Fed.Appx. 22 (2d Cir. 2014).[6] Specifically, the *Barkley II* court determined that "punitive damages may be awarded for a violation of GBL § 349, and the setoff calculation was correct for the reasons set out in the district court's January 27, 2012 Memorandum & Order." *Id.* at 26 n.1. The district court order to which *Barkley II* refers had opined that "GBL § 349(h) restricts the court's award of treble damages, but does not govern the award of punitive damages, which plaintiffs may seek in addition to treble damages," and proceeded to award punitive damages in excess of $1,000.00.[7] *Barkley v. United*

---

**5.** Defendant cites to several other cases, each of which was decided before 2010 and which the Court therefore does not accord significant weight, as those courts were necessarily unaware of *Wilner*'s construction of section 349(h) of the GBL.

**6.** Defendant correctly observes that summary orders do "not have precedential effect pursuant to Second Circuit Local Rule 32.1." Opp'n at 9; *see also* 2d Cir. Local R. 32.1.1 (b) ("Rulings by summary order do not have precedential effect."). *Barkley II* is thus clearly "not dispositive with respect to the treatment of the [plaintiff's] claim," but "it may offer insight." *AHW Inv. P'ship v. Citigroup, Inc.*, 806 F.3d 695, 704 (2d Cir. 2015). And the Court notes that it relies on *Barkley II*'s express affirmation of the district court's award of punitive damages—an amount that can be readily ascertained from the district court opinion—and its citation to *Wilner* in support of this ruling. *Cf. Jackler v. Byrne*, 658 F.3d 225, 244 (2d Cir. 2011) ("[T]he rationale underlying the Rule [about summary orders] is that such orders, being summary, frequently do not set out the factual background of the case in enough detail to disclose whether its facts are sufficiently similar to those of a subsequent unrelated case to make our sum-

mary ruling applicable to the new case."). To be clear, however, the Court views neither *Barkley I* nor *Barkley II* as binding, but merely as authority bolstering Plaintiff's claim.

**7.** Defendant argues that *Barkley I* "supports the argument that plaintiffs may *not* recover more than $1,000 in punitive damages pursuant to GBL § 349" because "the court in *Barkley* [*I*] awarded each plaintiff *only* $1,000 in punitive damages per defendant under GBL § 349, while awarding additional punitive damages under the plaintiffs' common law fraud claims." Opp'n at 9. The Court does not address this argument—which can most generously be described as novel—at length because it rests on an obvious fallacy: The *Barkley I* and *Barkley II* plaintiffs recovered more than $1,000.00 in punitive damages because they recovered $1,000.00 from each of multiple defendants. In no other of its pleadings does Defendant purport to argue, nor is there any support (in the statute itself or in cases applying it) for, a limit of $1,000.00 *per defendant*. Furthermore, it is clear from *Barkley I* that the judge viewed the punitive damage award as exceeding $1,000.00. *See Barkley I*, 2012 WL 2357295, at *17 & n.16 (noting defendants failed "to voice [their] position that GBL § 349 does

*Homes, LLC (Barkley I)*, 04–CV–0875, 2012 WL 2357295, at *17 n.16 (E.D.N.Y. June 20, 2012) (Matsumoto, J.). *Barkley I* and *Barkley II*, while nonbinding, thus lend support to Plaintiff's argument.

Consistent with this rationale, federal courts within the Second Circuit, as well as state courts, have adopted *Wilner*. *See, e.g., Cohen v. Narragansett Bay Ins. Co.*, 14–CV–3623, 2014 WL 4701167 (E.D.N.Y. Sept. 23, 2014) (Chen, J.) (holding "there is no *precise* limit on the amount of punitive damages" a plaintiff may collect under section 349 and arguments asserting any such limit "stemmed from [a] misreading of the statutory language with respect to *treble* damages, given that noting in the statute 'govern[s] the award of *punitive* damages' " (second alteration in original) (quoting *Barkley I*, 2012 WL 2357295, at *17 n.16)); *Koch v. Greenberg*, 14 F.Supp.3d 247, 278–79 (S.D.N.Y. 2014) (Oetken, J.) (holding that, "while the $1,000–per-violation cap of the GBL claims' exemplary provision provides a comparative measure, it is clear that in New York the GBL's treble damages provision does not proscribe an additional award of punitive damages"); *Midland Funding, LLC v. Giraldo*, 39 Misc.3d 936, 945, 961 N.Y.S.2d 743 (N.Y. Dist. Ct. 2013) ("If successful [on a

section 349 claim], the party may recover 'actual damages in any amount,' together with treble damages punitive damages, and attorney's fees." (quoting *Wilner*, 893 N.Y.S.2d at 218)).[8]

In addition to case law, Plaintiff presents—and the Court deems relevant—two other authorities in support of its position. The first is New York Pattern Jury Instruction 3:20, which cites *Wilner* for the following instruction: "Under GBL § 349(h), a plaintiff may recover the greater of $50 or actual damages. The plaintiff may also recover treble damages up to $1,000 if the defendant 'knowingly' or 'willfully' violated the statute. In addition, a plaintiff may seek punitive damages." While pattern jury instructions "are not binding," particularly where "there is no evidence that the editors of the Pattern Jury Instructions" considered the reasoning of *Wilner* or whether it represented a shift from *Karlin*, they "may have considerable persuasive authority." *Brussels Bank Lambert v. Credit Lyonnais (Suisse) S.A.*, 93–CV–6876, 2000 WL 1694308, at *1 (S.D.N.Y. Nov. 13, 2000) (McKenna, J.); *see also Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 174 (2d Cir. 2000) ("These draft [Pattern Jury] instructions— with extensive citations to cases, statutes and secondary authorities—are kept up-to-

---

not allow the grant of punitive damages where compensatory damages equal or exceed $1,000" but that it would have made little difference because "GBL § 349(h) restricts the court's award of treble damages, but does not govern the award of punitive damages, which plaintiffs may seek in addition to treble damages").

8. Plaintiff references other cases—including one from the Appellate Division, Fourth Department—that approvingly cite *Wilner* in making determinations about section 349 punitive damages claims. *Runge v. Erie Ins. Grp.*, 09–CV–792A, 2010 WL 5860401, at *6 (W.D.N.Y. May 24, 2010), *report and recommendation adopted*, 09–CV–792A, 2011 WL 721559 (W.D.N.Y. Feb. 22, 2011) (Arcara, J.);

*JD & K Assoc., LLC v. Selective Ins. Grp., Inc.*, 118 A.D.3d 1402, 988 N.Y.S.2d 749 (4th Dep't 2014); *Ural v. Encompass Ins. Co. of Am.*, 97 A.D.3d 562, 948 N.Y.S.2d 621 (2d Dep't 2012); *Weinstein v. Natalie Weinstein Design Assocs., Inc.*, 86 A.D.3d 641, 928 N.Y.S.2d 305 (2d Dep't 2011); *see also Park Ave. Realty, LLC v. Schindler El. Corp.*, 12 N.Y.S.3d 47, 129 A.D.3d 598 (1st Dep't 2015) (dismissing a section 349 claim in its entirety without considering whether claim for punitive damages was appropriate). The Court does not award these cases significant weight because, on the facts of each case, a mere citation to *Wilner* is insufficient to indicate those courts agreed plaintiffs can seek unlimited punitive damages under section 349, separate and apart from capped treble damages.

date by a distinguished group of New York Supreme Court Justices and law professors. They are relied upon in New York courts and in federal courts in diversity actions."). The second is a law review article [9] surveying availability of punitive damages under New York law and explaining that, "[u]nder GBL section 349, consumers may recover actual damages in any amount, treble damages under GBL section 349(h) up to $1,000 and punitive damages" and that, while "treble damages are limited to $1,000, New York courts and the legislative have set no such limit on punitive damages in GBL section 349 claims." John M. Leventhal & Thomas A. Dickerson, *Punitive Damages: Public Wrong or Egregious Conduct? A Survey of New York Law*, 76 Alb. L. Rev. 961, 1005 (2013).

Defendant introduces supplemental authority of its own, noting that "legislators in the New York State Senate and Assembly have regularly introduced bills that would amend GBL § 349(h) to allow for punitive damages without a fixed dollar cap under the state." Reply at 3; *see also, e.g.*, S. 435, 2017–2018 Sen., Reg. Sess. (N.Y. 2017) ("The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to ten thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may also award punitive damages in an amount not to exceed three times the actual damages and provide any equitable relief the court considers necessary or proper."). But this Court can draw no inferences, one way or another, from the legislature's repeated declination to amend the statute, *cf. Michigan v. Bay Mills Indian Cmty.*, —— U.S. ——, 134 S.Ct. 2024, 2052–54, 188 L.Ed.2d 1071 (2014) (explaining legislative inaction "is usually indeterminate" and noting "it is ' "impossible to assert with any degree of assurance that congressional failure to act represents" affirmative congressional approval of' " a court's decision (quoting *Patterson v. McLean Credit Union*, 491 U.S. 164, 175 n.1, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989))), particularly where it is not clear why they declined to do so.[10]

On balance, the authority weighs in favor of Plaintiff's argument that section 349 of the GBL allows for recovery of punitive damages in excess of $1,000.00.[11] The Court therefore declines to grant Defendant's motion for judgment on the pleadings.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment is DE-

---

9. A law review article "may be relevant to the extent it is persuasive." *United States v. Woods*, —— U.S. ——, 134 S.Ct. 557, 568, 187 L.Ed.2d 472 (2013).

10. It would be equally reasonable to conclude this particular amendment failed because the legislature did not want to provide for a separate award of punitive damages; because the legislature was satisfied by the fact that many courts already allow for a separate and unlimited award of punitive damages; or for any number of completely unrelated reasons. Furthermore, it is perhaps notable that the legislature has trended toward allowing plaintiffs to collect more, rather than less, in damages.

11. In so holding, and without opining on the merits of Plaintiff's punitive damages claim, the Court notes that any award of punitive damages is necessarily limited by the Due Process Clause of the Fourteenth Amendment. *See Philip Morris USA v. Williams*, 549 U.S. 346, 353–57, 127 S.Ct. 1057, 166 L.Ed.2d 940 (2007) (forbidding use of punitive damages awards to punish defendants for injuries it inflicts on individuals who are not a party to the litigation); *see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416–28, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (noting "courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered").

24

NIED. The Clerk of Court is directed to terminate the motion pending at ECF No. 51.

SO ORDERED.